UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

James R. Paquette and  Case No. 11-40118
Marilynn J. Paquette,  Chapter 13
 Hon. Walter Shapero
      Debtors.

_____/

**OPINION DENYING CREDITOR'S OBJECTION TO
DEBTORS' PROPOSED CHAPTER 13 PLAN**

The matter before the Court is BAC Home Loans Servicing, L.P.'s Objection to Confirmation of Debtors' proposed Chapter 13 plan (Docket No. 31).

**BACKGROUND AND FACTS**

James and Marilynn Paquette ("Debtors") filed their Chapter 13 bankruptcy petition on January 4, 2011. On that same date, Debtors filed their Chapter 13 plan (Docket No. 2). At the time of filing, Debtors owned two rental properties: 24520 Wilmont Avenue, Eastpointe, Michigan and 21218 Woodward, Clinton Township, Michigan. Debtor's plan proposes the surrender of the two rental properties.

BAC Home Loans Servicing, L.P. ("Creditor") is the holder of the mortgage on the Wilmont property and it timely filed a proof of claim in the amount of $62,652.64. That proof of claim states no value for the Wilmont property, but states that the claim is secured in the amount of $62,652.64; i.e., it does not assert a deficiency claim. Creditor opposes confirmation of Debtors' proposed plan, specifically objecting to the language in Section II.C. of the proposed plan, which states, in relevant part:

> CREDITORS FILING A SECURED CLAIM FOR WHICH THE BASIS IS COLLATERAL THAT THE PLAN PROPOSES TO SURRENDER SHALL HAVE 180 DAYS FROM THE DATE OF CONFIRMATION OF THE PLAN TO AMEND THEIR CLAIM TO ESTABLISH A DEFICIENCY ARISING FROM THE SURRENDER OF THE COLALTERAL. SUCH DEFICIENCY, IF ANY, SHALL BE TREATED AS A CLASS EIGHT, GENERAL UNSECURED CREDITOR.

1

On March 28, 2011, Debtors' first scheduled confirmation hearing was held and the Court heard the parties' arguments with regard to Creditor's Objection. The Court requested post-hearing briefs addressing the issues relating to the enforcement of the above quoted language. Since that hearing, Debtors' have filed two Amended Chapter 13 plans (Docket Nos. 50 and 67), both of which contain the plan provision at issue.

Creditor argues that the inclusion of the plan provision at issue inherently conflicts with the liberal claim amendment rule in the Sixth Circuit. Debtors argue that (1) the proposed plan provision does not violate any bankruptcy rule or code provision and that the Court should exercise its discretion under 11 U.S.C. § 105(a) to allow this provision; and (2) such a provision promotes plan feasibility and timely, orderly, and fair administration of claims, and encourages timely disposition of surrendered collateral.

## **DISCUSSION**

11 U.S.C. § 1322 sets out a long list of provisions that a debtor may include in Chapter 13 plan. Section 1322(b)(11) expands that list by permitting a debtor to "include any other appropriate provision not inconsistent with this title." Neither of the parties has submitted, nor has the Court found, any authority that indicates that the provision at issue is inconsistent with the provisions of § 1301 or any particular provision of the Code which is, or can be, considered inconsistent with the provision at issue. In their post-hearing briefs, both parties focused on whether amendments to proofs of claims to provide for deficiency claims would be allowed post-confirmation. However, the Court does not believe that to be the real issue here. The only question now before the Court is whether Debtors should be allowed to include the provision at issue in their plan. Based on the cited broad language of § 1322(b)(11), the Court finds that the provision at issue should be allowed.

Creditor argues that the provision at issue would require it to initiate foreclosure proceedings immediately and that it may be impossible to complete those proceedings within the 180-day deadline. As Debtors correctly argue, there are numerous ways by which Creditor could quantify its deficiency claim and amend its proof of claim to reflect such within the 180-days provided in the proposed provision. Specifically, Debtors cite language and authority (that this Court agrees with) that says:

> [t]here are different approaches available to resolve issues about the unsecured deficiency: (i) the debtor, secured creditor and the chapter 13 trustee can agree before confirmation on the amount of the unsecured deficiency claim (the preferred approach); (ii) a debtor or the chapter 13 trustee may object to a claim creating a contested matter under Fed. R. Bankr. P. 9014, requiring a court to value the collateral under Fed. R. Bankr. P. 3012 and § 506(a), and thereby determine the amount of the unsecured deficiency claim; (iii) any party in interest can file a motion requesting the court to value the collateral under Fed. R. Bankr. P. 3012 and § 506(a); (iv) any party in interest may file a motion requesting the court to estimate the unsecured deficiency claim pursuant to § 502(c) if otherwise fixing or liquidating the claim would unduly delay the administration of the case; or (v) the secured creditor may amend (or seek leave to amend if the bar date has passed) the existing secured claim to a partially secured and partially unsecured claim, with the amount of the unsecured deficiency claim fixed through a foreclosure sale, a § 506(a) valuation hearing, or an estimation proceeding under § 502(c)(1).

*In re Sneijder*, 407 B.R. 46, 48 (Bankr. S.D. N.Y. 2000).

These days in particular when, or indeed if, a mortgage creditor may actually institute foreclosure proceedings, and if and when it does - the nature and result of those proceedings (i.e.: by advertisement or judicially), is not precisely predictable and largely a function of the policies of the particular mortgagor and the economic climate and real estate situation in the area involved at the time. Thus, when, or if, the actual amount of a deficiency claim will be actually finally be determined or quantified as a matter of law is a matter of such conjecture that timely and efficient administration of a Chapter 13 plan, including the treatment of other unsecured creditors and the likely outcome if the plan is completed, should not be held hostage to, or depend upon such. Put another way, a plan provision of the type involved here in the context of this case is not inconsistent with the other provisions of the Code and is entirely reasonable in that it concurrently both (a) affords a measure of desirable certainty as to the nature and extent of the debtors obligations under the plan and their likely result if the plan is fulfilled, and (b) instills a not unreasonable requirement of the Creditor operating not unlike that of a claims deadline (something which is not unusual in the bankruptcy context, but which in this case, as noted, does not have the same finality). This is so because, as noted, Creditor has, and the Code contemplates, several options by which it could sufficiently quantify its deficiency claim within the time period provided in Debtor's proposed plan provision for ongoing and reasonably predictable plan administration purposes and payment of its claim and those of others in that, whenever Creditor chooses to initiate and conclude foreclosure proceedings, nothing would

3

prohibit it from seeking to amend its claim to provide for any increase or decrease in the amount of its deficiency claim once it is thusly liquidated.

For those reasons, Creditor's Objection to Debtor's proposed plan is overruled.

.

**Signed on November 21, 2011**
                                                          **/s/ Walter Shapero**
                                **Walter Shapero**
                                **United States Bankruptcy Judge**